Estate of Charles Bryant, deceased. Appeal of Daniel
Bryant et al.

Argued March 30, 1896. Appeal, No. 36, Jan. T., 1896, by
Daniel Bryant, Richard Staples, Charles Staples and Mary
Staples, from decree of O. C., Phila. Co., July T., 1894, No. 182,
distributing the estate of Charles Bryant, deceased. Before
STERRETT, C. J. McCOLLUM, MITCHELL, DEAN and FELL, JJ.
Affirmed.

Decree of court below affirmed on findings of fact of the
auditing judge.

These appellants are known as the Illinois claimants.

The findings of the auditing judge, ASHMAN, J., is as follows:
The parties from Illinois deduced title from their brother
and uncle, Charles Bryant, who was born at North Bridgewater,
Massachusetts, but who was taken by his parents in his infancy
to the west. The date of his birth, as ascertained by the public
records of the town, was November 10, 1831. In some way,
during the progress of the journey westward, which was per-
formed in wagons, the child disappeared, and his history thence-
forth was a blank although his parents survived until 1868.
In this instance, even the slight clue which was furnished by
the daguerreotype was wanting—the child of two or three years
being hardly discernible in the man of thirty-five. The claim-
ants rested their case upon what they term record evidence—
the town register and the United States certificate. It was
unfortunate for them that these papers were mutually destruc-
tive of the theory of identity, because the person described in
the certificate must have been at least eight years older than
the person named in the register. The claim is dismissed.

The other facts sufficiently appear in Bryant's Est., ante,
p. 309.

*Errors assigned*, among others, were dismissing claim of the
appellants and awarding balance of the distribution to the Eng-
lish claimants.

*J. Howard Gendell*, for appellants.—The findings of the

auditing judge are but deductions from facts found by him and the effect of writings, and have no more weight with this court than his decisions on questions of pure law : Phillips' App., 68 Pa. 130; Hindman's App., 85 Pa. 470; Moyer's App., 77 Pa. 482; Cake's App., 110 Pa. 65; Kittel's Estate, 156 Pa. 445; Sproull's App., 71 Pa. 137; Kutz's App., 100 Pa. 75; Milligan's App., 97 Pa. 525; Sweatman's App., 150 Pa. 369; Fessenden's Estate, 170 Pa. 641.

*William W. Ker*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, July 15, 1896 :

This appeal is dismissed on the opinion of the auditing judge in the court below.

Appeal dismissed with costs.